APPEAL NO.  25-728

UNITED STATES COURT OF APPEAL

FOR THE NINTH CIRCUIT

Kanealii; an Kanaka-Maoli

***Appellant, Plaintiff,***

vs.

Tyler C. Saito; et alii.

***Appellees, Defendants,***

———————————————

<u>NOTE VERBALE</u>

APPELLANT

Noa Kanealii Io Pono I Kelii Ua Mau's

Kanaka-Maoli, Ko Hawai'i Pae Aina

**OPENING BRIEF OF KANAKA-MAOLI APPELLANT**

———————————————

Noa Kanealii Io Pono I Kelii Ua Mau
Aliomanu
Koolau Moku
Mokupuni Kauai
Ko Hawai'i Pae Aina. H. I.

———————————————

kanaka-maoli-2020@outlook.com
808-720-1129

———————————————

<u>NOTE VERBALE</u>
CONCERNING THE EXPROPRIATION OF PRIVATE KULEANA
PROPERTIES DURING THE CONTINUING CAMPAIGN AND CRIME OF
GENOCIDE OF THE KANAKA MAOLI OF THE KO HAWAII PAE AINA

-----------------------------------------------------

*"Generally speaking, **<u>genocide</u>** does not necessarily mean destruction of a nation. It is intended rather to signify a coordinated plan of different actions aiming at the destruction of essential foundations of the life of national groups, with the aim of annihilating the groups themselves."*

*"The objectives of such a plan would be the disintegration of the political and social institutions, of culture, language, national feelings, religion, and the economic existence of national groups, and the destruction of the personal security, liberty, health, dignity, and even the lives of the individuals belonging to such groups. **<u>Genocide</u>** is directed against the national group as an entity, and the actions involved are directed against individuals, not in their individual capacity but as members of a national group."*

*(Rafael Lemkin, Axis Rule in Occupied Europe: Laws of Occupation, Analysis of Government, Proposal for Redress, Washington: Carnegie for Endowment for World Peace);*

*<u>**Genocide**</u> has two phases: one, destruction of the national pattern of the oppressed group; the other, the imposition of the national pattern of the oppressor. This imposition, in turn, may be made upon the oppressed population, which is allowed to remain, or upon the territory alone, after removal of the population and the colonization by the oppressor's own nationals.*

*By **<u>genocide</u>** we mean the destruction of and the annihilation and extermination of the individuals belonging to an ethnic and or national group.*

*Here the **<u>genocide</u>** is aimed at the persecuted and oppressed people, kanaka-maoli, kanaka-hawaii of the Ko Hawai'i Pae Aina, national group known as "Hawaiian".*

*The crime and campaign of this **<u>genocide</u>** for the expropriation, pillaging and plundering of the private (kuleana) properties (rights) belonging to the people kanaka-maoli, kanaka-hawaii of the Ko Hawai'i Pae Aina is continuing.*

ii

## **TABLE OF CONTENTS**

NOTE VERBALE …………………………………………….………….....  ii

TABLE OF CONTENTS ........................................................................... iii

TABLE OF AUTHORITIES ...................................................................... iv

  I.    JURISDICTIONAL STATEMENT ............................................  2

  II.   STATEMENT OF ISSUES PRESENTED ..................................  2

  III.  CONCISE STATEMENT OF THE CASE ..................................  3

  IV.  STATEMENT OF FACTS ......................................................... 6

  V.   STATEMENT OF PROCEDURAL HISTORY............................... 6

  VI.  SUMMARY OF ARGUMENT ................................................... 9

  VII.  STANDARD OF REVIEW ........................................................ 10

  VIII.  ARGUMENT ........................................................................... 10

  IX.  CONCLUSION ......................................................................... 15

## TABLE OF AUTHORITIES

PRIMARY AUTHORITIES

## KO HAWAII PAE AINA CONSTITUTION, TREATIES, LAWS, CASES

Ka Palapala Hemolele Ke kauoha hou a ko kakou haku e ola i a Iesu Kristo; https://www.smu.edu/Bridwell/SpecialCollectionsandArchives/Exhibitions/Missio naryPresses/HawaiianBible

> A) Ka Palapala Hemolele (1839) Hawaiian Christianity Established
> B) Essential Foundation of Law Established in the Hawaiian Islands.

KUMU KANAWAI, A ME KE KANAWAI HOOPONOPONO WAIWAI, NO KO HAWAII PAE AINA. NA KAMEHAMEHA III I KAU Honolulu, 1840.

HE OLELO HOAKAKA I ka pono kanaka a me na lii.

1839 DECLARATION OF RIGHTS

THE FIRST CONSTITUTION OF HAWAII GRANTED by Kamehameha III, October 8, 1840

KUMU KANAWAI A ME NA KANAWAI O KO HAWAII PAE AINA Ua kauia i ke kau ia KAMEHAMEHA III HONOLULU, OAHU. 1841

TRANSLATION OF THE CONSTITUTION AND LAWS OF THE HAWAIIAN ISLANDS ESTABLISHED IN THE REIGN OF KAMEHAMEHA III LAHAINALUNA 1842

KANAWAI I KAUIA E KA MOI E KAMEHAMEHA III., KE ALII O KO HAWAII PAE AINA UA HOOHOLOIA, E NA LII AHAOLELO A ME KA POIIKOHOIA I KA MAKAHIKI IWAKALUAKUMAMAKAHI O KONA NOHO AUPUNI ANA, A I KE KOLU A ME KA HA O KONA NOHO KUOKOA ANA, A. D. 1845 A ME 1846. UA HUIPUIA MAI NA OLELO AE I KE KUOKOA ANA, A ME NA KUIKAHI ME KO NA AINA E. Honolulu, Oahu. MEA PAI PALAPALA A NA M1SIONARI AMERIKA 1846.

STATUTE LAWS OF HIS MAJESTY KAMEHAMEHA III, KING OF THE HAWAIIAN ISLANDS; PASSED BY THE HOUSE OF NOBLES AND REPRESENTATIVES, DURING THE TWENTY-FIRST YEAR OF HIS REIGN,

AND THE THIRD AND FOURTH YEARS OF HIS PUBLIC RECOGNITION, A.D. 1845 AND 1846: TO WHICH ARE APPENDED THE ACTS OF RECOGNITION AND THE TREATIES WITH OTHER NATIONS. VOL. I. Honolulu, Oahu: CHARLES E. HITCHCOCK, PRINTER, GOVERNMENT PRESS. 1846.

KANAWAI I KAUIA E KA MOI E KAMEHAMEHA III., KE ALII O KO HAWAII PAE AINA UA HOOHOLOIA, E NA LII AHAOLELO A ME KA POIIKOHOIA I KA MAKAHIKI IWAKALUAKUMAMALUA O KONA NOHO AUPUNI ANA, A I KA LIMA O KONA NOHO KUOKOA ANA, A. D. 1847. UA HUIPUIA MAI NA OLELO AE I KE KUOKOA ANA, A ME NA KUIKAHI ME KO NA AINA E. BUKE II. Honolulu, Oahu. MEA PAI PALAPALA A NA M1SIONARI AMERIKA 1847.

STATUTE LAWS OF HIS MAJESTY KAMEHAMEHA III, KING OF THE HAWAIIAN ISLANDS; PASSED BY THE HOUSE OF NOBLES AND REPRESENTATIVES, DURING THE TWENTY-SECOND YEAR OF HIS REIGN, AND THE FIFTH YEAR OF HIS PUBLIC RECOGNITION, A.D. 1847: TO WHICH ARE APPENDED THE ACTS OF RECOGNITION AND THE TREATIES WITH OTHER NATIONS. VOL. II. Honolulu, Oahu: CHARLES E. HITCHCOCK, PRINTER, GOVERNMENT PRESS. 1847.

KA HOPE KANAWAI O KA MOI, E KAMEHAMEHA III., KEAALII O KO HAWAII PAE AINA; UA HOOHOLIA E NA 'LII AHAOLELO A ME KA POEIKOHOIA, I KA MAKAHIKI IWAKALUAKUMAMAKOLU, O KONA NOHO AUPUNI ANA, A I KA ONO O KONA NOHO KUOKOA ANA. A.D. 1848. Honolulu, Oahu, H. I. : MEA PAI PALAPALA A NA M1SIONARI AMERIKA 1848.

A SUPPLEMENT TO THE STATUTE LAWS OF HIS MAJESTY KAMEHAMEHA III, KING OF THE HAWAIIAN ISLANDS; CONTAINING THE ACTS AND RESOLUTIONS PASSED BY THE HOUSE OF NOBLES AND REPRESENTATIVES, DURING THE TWENTY-THIRD YEAR OF HIS REIGN, AND THE SIXTH YEAR OF HIS PUBLIC RECOGNITION, A.D. 1848: HONOLULU: GOVERNMENT PRESS. 1848

Buke Kakau Paa no ka mahele aina i Hooholoia iwaena o Kamehemeha III am Na Lii am Na Konohiki ana Hale Alii Honolulu Ianuari 1848

LAWS OF HIS MAJESTY KAMEHAMEHA III., KING OF THE HAWAIIAN ISLANDS, PASSED BY THE NOBLES AND REPRESENTATIVES AT THEIR SESSION, 1851. HONOLULU: PRINTED BY ORDER OF THE GOVERNMENT 1851.

HE KUMUKANAWAI A ME NA KANAWAI O KA MOI KAMEHAMEHA III KE ALII O KO HAWAII PAE AINA, I KAUIA E NA ALII AHAOLELO, A ME KA POEIKOHOIA, ILOKO O KA AHAOLELO O KA MAKAHIKI 1852. HONOLULU, PAI IA MAMULI OK KAUOHA O KA POEIKOHOIA 1852.

CONSTITUTION AND LAWS OF HIS MAJESTY KAMEHAMEHA III., KING OF THE HAWAIIAN ISLANDS, PASSED BY THE NOBLES AND REPRESENTATIVES AT THEIR SESSION, 1852. HONOLULU: PRINTED BY ORDER OF THE LEGISLATURE. 1852.

O NA KANAWAI KIVILIA O KO KO HAWAII PAE AINA, HOOHOLOIA I KA MAKAHIKI 1859. A UA HUIIA ME KA HOPE, KAHI I PAIIA'I NA KANAWAI I HOOPAU OLE IA MA KE KANAWAI KIVILA, ME NA KUI KAHI ME NA AUPUNI E, A ME NA KANAWAI I HOOHOLOIA ILOKO O 1858-9. HHONOLULU: PAIIA NO KE AUPUNI. 1859. 362+xviii pp.

THE CIVIL CODE OF THE HAWAIIAN ISLANDS PASSED IN THE YEAR OF OUR LORD 1859: TO WHICH IS ADDED AN APPENDIX, CONTAINING LAWS NOT EXPRESSLY REPEALED BY THE CIVIL CODE; THE SESSION LAWS OF 1858-9; AND TREATIES WITH FOREIGN NATIONS. PUBLISHED BY AUTHORITY. HONOLULU: PRINTED FOR THE GOVERNMENT. 1859.

## KO HAWAII PAE AINA (HAWAIIAN ISLANDS) TREATIES WITH FOREIGN COUNTRIES

THE CIVIL CODE OF THE HAWAIIAN ISLANDS PASSED IN THE YEAR OF OUR LORD 1859: TO WHICH IS ADDED AN APPENDIX, CONTAINING LAWS NOT EXPRESSLY REPEALED BY THE CIVIL CODE; THE SESSION LAWS OF 1858-9; AND TREATIES WITH FOREIGN NATIONS. PUBLISHED

BY AUTHORITY. HONOLULU: PRINTED FOR THE GOVERNMENT. 1859. PP 443 TREATIES WITH FOREIGN COUNTRIES.

TREATIES WITH FRANCE AND GREAT BRITAIN SIGNED AT HONOLULU, MARCH 26TH 1846. PP 443

TREATY WITH DENMARK, SIGNED AT HONOLULU, OCTOBER 19TH, 1846. PP 447

TREATY WITH HAMBURG, SIGNED AT HONOLULU, JAUARY 8TH, 1848 PP 453

AGREEMENT TOUCHING CONSULAR NOTICES, UNDER THE DANISH AND HAMBURG TREATIES.  PP 456

TREATY (of friendship, commerce and navigation) WITH THE UNITED STATES RATIFIED ON THE 19TH OF AUGUST 1850 PP 457

TREATY WITH GREAT BRITAIN, RATIFIED ON THE 6TH OF MAY 1852 PP 467

TREATY WITH BREMEN, RATIFIED ON THE 27TH of MARCH 1854 PP476

TREATY WITH SWEDEN AND NORWAY, RATIFIED ON THE 5TH OF APRIL 1855 PP 480

TREATY WITH FRANCE, RATIFIED ON THE 8TH OF SEPTEMBER 1858


**KO HAWAII PAE AINA (HAWAIIAN ISLANDS) CASES**

KIEKIE V. EDWARD DENNIS; REPORTS OF SOME OF THE JUDGMENTS AND DECISIONS OF THE COURTS OF RECORD OF THE HAWAIIAN ISLANDS, FOR THE TEN YEARS ENDING WITH 1856. BY GEORGE ROBERTSON. HONOLULU: PRINTED AT THE GOVERNMENT PRESS 1857. PP 69 – 70; HAWAIIAN REPORTS ,1851.  PP 43

REX V. PARISH; REPORTS OF SOME OF THE JUDGMENTS AND DECISIONS OF THE COURTS OF RECORD OF THE HAWAIIAN ISLANDS, FOR THE TEN YEARS ENDING WITH 1856. BY GEORGE ROBERTSON.

HONOLULU: PRINTED AT THE GOVERNMENT PRESS 1857. PP 58-61, HAWAIIAN REPORTS, 1849 THE KING V PARISH ET AL, PP 36-38

KAKE VS HORTON; REPORTS OF A PORTION OF THE DECISIONS RENDERED BY SUPREME COURT OF THE HAWAIIAN ISLANDS, IN LAW, EQUITY, ADMIRALTY AND PROBATE. 1857-1865 BY ROBERT G. DAVIS, JUSTICE OF THE SUPREME COURT, AND MEMBER OF HIS MAJESTY'S PRIVY COUNCIL OF STATE. HAWAIIAN REPORTS, VOL II. HONOLULU: GOVERNMENT PRESS- J.H. BLACK, PRINTER. 1866 PP 209-226 Art. 3


## KINGDOM OF HAWAII CASES


## TERRITORY OF HAWAII CASES

KEKAUOHA V SCHOONER ROBERT LEWERS COMPANY, SOLE OWNER OF THE AMERICAN SCHOONER, ROBERT LEWERS, DECIDED: MARCH 27, 1901

MASSIE V. KAHAHAWAI, FIFTY FAMOUS TRIALS BY R. CORNELIUS RABY OF THE NEW YORK BAR 1937 LAW BOOK CO. WASHINGTON LAW BOOK CO. WASHINGTON, D. C., 49. THE MASSIE-FORTESCUE CASE – 1932, PP 321-339


## STATE OF HAWAII CASES

STATE v KAULIA, FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER IN THE SUPREME COURT OF THE STATE OF HAWAI'I STATE OF HAWAI'I, Respondent/Plaintiff-Appellee,vs.DENNIS KAULIA, Petitioner/Defendant-Appellant SCWC-11-0000089 CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS (CAAP-11-0000089; CR. NO. 3P7-09-01892) January 4, 2013 https://law.justia.com/cases/hawaii/supreme-court/2012/scwc-11-0000089.html.

STATE v LEE, 976 P.2d 444 (1999)**,** 90 Hawai`i 130**,** STATE of Hawai`i, Plaintiff-Appellee, v. Kenneth S.G. LEE, No. 21220. Supreme Court of Hawai`i.

February 8, 1999. https://law.justia.com/cases/hawaii/supreme-court/1999/21220-2.html.

STATE v LORENZO (2019) Intermediate Court of Appeals of Hawaiʻi. STATE of Hawaiʻi, Petitioner-Appellee, v. Windyceslau D. LORENZO, Respondent-Appellant, NO. CAAP-16-0000410 Decided: December 23, 2019 https://caselaw.findlaw.com/court/hi-intermediate-court-of-appeals/2038557.html#:~:text=The%20Final%20Judgment%20granted%20Petitioner,filing%20further%20documents%20with%20the

## FEDERAL CASES

JOHNSON & GRAHAM'S LESSEE V. MCINTOSH, 21, U.S. 543 (1823)
https://supreme.justia.com/cases/federal/us/21/543/

UNITED STATES v SCHOONER AMISTAD, 40 U.S. 518 (1841), Argued: February 23, 1841 Decided: March 9, 1841
https://supreme.justia.com/cases/federal/us/40/518/

McCOY v LOUISIANA, SUPREME COURT OF THE UNITED STATES Syllabus MCCOY v. LOUISIANA CERTIORARI TO THE SUPREME COURT OF LOUISIANA, No. 16–8255. Argued January 17, 2018—Decided May 14, 2018 https://supreme.justia.com/cases/federal/us/584/16-8255/case.pdf

MCGIRT v. OKLAHOMA, 591 U.S. ___ (2020), DOCKET NO.18-9526, DECIDED: July 9, 2020 https://supreme.justia.com/cases/federal/us/591/18-9526/

## REPUBLIC OF HAWAII CONSTITUTION AND LAWS

JOINT RESOLUTION, FIFTY-FIFTH CONGRESS OF THE UNITED STATES OF AMERICA; AT THE SECOND SESSION, ... JOINT RESOLUTION TO PROVIDE FOR ANNEXING THE HAWAIIAN ISLANDS TO THE UNITED STATES JULY 7, 1898

## STATE OF HAWAII CONSTITUTION AND LAWS

ADMISSIONS ACT. AN ACT TO PROVIDE FOR THE ADMISSION OF THE STATE OF HAWAI'I INTO THE UNION, ACT OF MARCH 18, 1959, PUB L 86-3, 73 STAT 4.

## FEDERAL CONSTITUTION AND LAW

ORGANIC ACT CHAP. 339.-AN ACT TO PROVIDE A GOVERNMENT FOR THE TERRITORY OF HAWAII, APRIL 30, 1900, FIFTY-SIXTH CONGRESS. SESS I.

PROXMIRE ACT, PUBLIC LAW 100-606—NOV. 4, 1988  STATUTE-102-Pg3045

   A) "GENOCIDE CONVENTION IMPLEMENTATION ACT OF 1987 (THE PROXMIRE ACT)".

## INTERNATIONAL LAW

THE LAW OF NATIONS, OR, THE PRINCIPLES OF THE LAW OF NATURE, APPLIED TO THE CONDUCT AND AFFAIRS OF NATIONS AND SOVEREIGNS, FROM THE FRENCH OF MONSIEUR DE VATTEL,  NIHIL EST ENIM ILLI PRINCIPI DEO QUI OMNEM HUNC MUNDUM REGIT, QUOD QUIDEM IN TERRIS FIAT, ACCEPTIUS, QUAN CONCILIA COETUSQUE HOMINUM JURE SOCIATI, QUAE CIVITATES, APPELANTUR.[1]  CICERO, SOM. SCIP.[2] A NEW EDITION, REVISED, CORRECTED, AND ENRICHED WITH MANY VALUABLE NOTES NEVER BEFORE TRANSLATED INTO ENGLISH LONDON: PRINTED FOR G. G. AND J. ROBINSON, PATERNOSTER-NOW.  1797

**OPENING BRIEF**

**DEFINITIONS**

1. Ka Palapala Hemolele

2. Ko Hawaii Pae Aina: Hawaiian Islands the country identified lawfully, in the 1839 Declaration of Rights, and Constitutions of 1839, 1840, 1841, 1842, 1852; Statute Laws of 1845, 1846, 1847, 1848; and 1859 Civil Code.

3. Hawaiian Islands: The English translation of Ko Hawaii Pae Aina.

4. Constitutions and laws of the Hawaiian Islands: The body of legal frameworks, including but not limited to: Ka Palapala Hemolele; the Declaration of Rights (1839); the 1840 Constitution; the 1852 Constitution; and the 1859 Civil Code, which form some of the legal bases for the governance and sovereignty of the Ko Hawaii Pae Aina.

5. 1850 Treaty between the King of the Hawaiian Islands and the people of the United States of America: The Treaty of Friendship, Commerce, and Navigation between the King of the Ko Hawaii Pae Aina and the People of the United States of America, establishing reciprocal relations, mutual respect for sovereignty, and trade agreements, formalized on December 20, 1849, and ratified in 1850.

6. Convention on the Prevention and Punishment of the Crime of Genocide: The 1948 United Nations Convention that defines genocide as acts committed with the intent to destroy, in whole or in part, a national, ethnical, racial, or religious group; and which obligates states to prevent and punish such acts.

7. Declaration of Human Rights: The Universal Declaration of Human Rights (UDHR), adopted by the United Nations General Assembly on December 10, 1948.

1

8. Law of Nations: The body of international legal principles governing relations between sovereign states.

9. Kanaka Maoli: The original inhabitants and their heirs of Ko Hawaii Pae Aina, Hawaiian Islands.

10. Kanaka Hawaii: A person born in Ko Hawaii Pae Aina, Hawaiian Islands

11. Kamaaina: A resident of Ko Hawaii Pae Aina, Hawaiian Islands

12. Native Hawaiian: An American citizen

## I.  **JURISDICTIONAL STATEMENT**

On Jan 2, 2025, United States District Court, [1]Hawai'i entered and filed a final decision within the meaning of  28 U.S.C. § 1291.  (See: ECF No. 138)

This U.S. Court of Appeals for the Ninth Circuit has jurisdiction to review this decisions (See: ECF No. 138) under the same provision of 28 U.S.C. § 1291.

On Jun 17, 2024, I file my Notice of Appeal, pursuant to Rule 4 of the Federal Rules of Appellate Procedures my appeal is timely.

## II.  **STATEMENT OF ISSUES PRESENTED**

Whether the act[s]of the United States of America (congress), in this case P.L. 86-3 (Mar. 18, 1959) reprinted in 73 Stat. 4,  (providing for the admission of Territory of [1]Hawai'i into the United States) admitting  Territoy of Hawai'i  as a state of the US (union) makes the [2]people of the [3]Hawaiian Islands into citizens of Hawai'i and consequently into citizens of the United States of America.

Whether, stating that you are American makes you an American for the purposes of denying, or accessing the lower court's 28 USC §1350 original jurisdiction.

III.    **CONCISE STATEMENT OF THE CASE**

There should be no mistake about the two (2) very clear and concise differences in the law of the case in 1:23-cv-00276-DKW-KJM  and  Appeal No. 24-3890:  1, my report I made in my 28 USC §1350 original subject matter jurisdiction complaint, I file 07/03/2023 with USDC, Hawai'i is for the injuries and harm me and my ohana are continuing to suffer, and unresolved to this day, and  2, a federal question raised by the sua sponte decision of judge Derrick K. Watson of USDC, Hawai'i accusing me of being an American, I file an Appel on 06/17/2024 with USCA, Ninth Circuit to answer the conclusions made by the judge Derrick K. Watson denying me of my remedy for a tort, committed in violation of the law of nations or a treaty of the United States,  under 28 USC §1350.  (See: 1849-1850 Treaty with His Majesty the King of the Hawaiian Islands and President of the United States of North America)

This case arises out of the continuing crime and campaign of genocide against the Christian  [4]kanaka-Maoli  people (of whom I am one) of the  Ko Hawai'i Pae Aina (Hawaiian Islands)  perpetrated  by the  Hawaiian Evangelical Association  (HEA) and  its  successor  the  Hawai'i Conference of the United Church of Christ  which campaign  is aided and abetted by  United States of America and  State of Hawai'i

Defendants Appellees; and specifically in this instance Derek K. Watson, acting under the color of his authority as a chief judge of the United States District Court for the District of Hawai'i, which campaign is the proximate cause of all of my continuing harm and injuries.

The following is a list of my injuries:

a. On 4/25/2023 while home, at all times relevant here, (Aliomanu [1]Ahupuaa, Koolau [1]Moku, [1]Mokupuni [1]Kauai, [2]Ko Hawaii Pae Aina) within the physical maritime, and jurisdictional territorial boundaries of the [2]Hawaiian Islands, (See: Definitions) I am approached by a man, armed with a deadly weapon (gun) known as the Defendant <u>Hiro Shimada</u>;

b. Me and my ohana are threatened with violence, and told to leave our ohana homes, pa hale and <u>private kuleana</u>, pa aina;

c. I am unlawfully restrained of my liberty and freedom, immediately detained, against my will, then I am;

d. Forcefully removed from my <u>private kuleana</u> property, then charged by the Defendant Hiro Shimada, if I return to my home, he and others just like him will come back and carry-out the threats, and with violence under a systemic command responsibility of the named Defendant Todd G. Raybuck.

e. Since at least 04/25/2023 the date me and my ohana suffer this deprivation of right to our private kuleana property, judge Derrek K. Watson is aware of

4

the continuing crime and campaign of genocide aimed at the kanaka-maoli

people just like me and my ohana, while we are conducting, domiciling and

living within the Ko Hawaii Pae Aina. This campaign is continuing.

Relying erroneously on the Admissions Act and a statement that he, judge Derrek

K. Watson attributes to me that I have never made, nonetheless judge Derrek K.

Watson has decided (without any party in this case, and on his own) that, I am an

American, (" [6]Here, while Plaintiff contends that he is an "alien to the United

States", Dkt. No. 1 at 3, he acknowledges that he is not an alien to Hawai'i, see id.

Therefore, Plaintiff is not an alien for the purposes of Section 1350. See P.L. 86-3

(Mar. 18, 1959), reprinted in 73 Stat. 4 (providing for the admission ofHawai'i into

the United States). "

and because I am, as he, judge Derrek K. Watson says, that I am, an American

and that I am disqualified and cannot use the lower court's 28 USC §1350

original subject matter jurisdiction to report, complain of and seek any remedy for

the harm and injuries we are continuing to suffer at the hands and conduct of the

Defendants coordinated plan of different actions. I am not an American of any

kind.

5

IV. **STATEMENT OF FACTS**

I make my complaint <u>unrepresented</u>. I do so because no person or persons qualified to practice in the lower court will accept me as a client. I, take this appeal for the same reason. I <u>need</u> and want <u>representation</u>. The only reason no person qualified to practice in the lower court will accept me as a client is because of my race and nationality: Kanaka Maoli, national of the ko Hawai'i Pae Aina. The lower court discriminates against me for the same reason and dismisses my complaint for this same reason. Defendants don't recognize that I am real, living, with flesh, blood and bones, Defendants coordinated plan of different actions against me amount to the proof of the genocide, which I intend to point out.

V. **STATEMENT OF PROCEDURAL HISTORY**

**USDC, HAWAI'I**

On 07/03/2023, I file my COMPLAINT ("Note Verbale Continuing Genocide") Jury Demand, against All Defendants Entered: 07/05/2023. (ECF No. 1)

<u>On 10/11/2023</u>, I file my Plaintiff's First Amended Complaint. (ECF No. 14)

<u>On 06/03/2024</u>, the court's ORDER (1) GRANTING IN PART CERTAIN MOTIONS TO DISMISS AND MOTIONS FOR JOINDER, (2) DENYING PLAINTIFF'S MOTION TO STRIKE, AND (3) DISMISSING THE

6

COMPLAINT WITH LEAVE TO AMEND re 20 , 26 , 30 , 31 , 32 , 33 , 34 , 55 , 85 , 113 , 123 and Signed by judge DERRICK K. WATSON  6/3/2024.

For the reasons set forth herein, the Moving Defendants' motions to dismiss and motions for joinder, Dkt. Nos. 20, 34, 55, 85, 113, 123, are GRANTED INPART. In all other respects, the pending motions to dismiss and motions for joinder, Dkt. Nos. 20, 30-34, 55, 85, 113, 123, are DENIED WITHOUT PREJUDICE. The motion to intervene, Dkt. No. 121, is similarly DENIED WITHOUT PREJUDICE. The motion to strike, Dkt. No. 26, is DENIED.

The Amended Complaint is DISMISSED WITH LEAVE TO AMEND to the extent set forth herein. Plaintiff may have until June 17, 2024 to file a second amended complaint. Should Plaintiff fail to file a second amended complaint by June 17, 2024, this case will be dismissed for lack of subject matter jurisdiction without further notice.  (ECF No. 137)

On 06/17/2024, I file my Plaintiff's Notice of Intent to Appeal; and MOTION for Extension of Time for Filing a Second Amendment of My Amended Complaint; Certificate of Service - by Plaintiff Noa Kanealii Io Pono I Kelii Ua Mau (Attachments: # 1 copy of ECF No. 136 - Order (1) Granting in Part Certain Motions to Dismiss and Motions for Joinder, (2) Denying Plaintiff's Motion to

Strike, and (3) Dismissing the Complaint with Leave to Amend) (eta) (Entered: 06/18/2024)

On 06/17/2024, I file my NOTICE OF APPEAL (Order deciding for me, my family and collectively all kanaka-maoli alike that we are an American or US citizen) See: USCA No. 24-3890. (Entered: 06/18/2024) (ECF No. 136)

## **USCA, NINTH CIRCUIT**

On 06/25/2025 CASE OPENED. A copy of my notice of appeal / petition filed in 1:23-cv-00276-DKW-KJM is received by the Clerk's office of the United States Court of Appeals for the Ninth Circuit. The U.S. Court of Appeals docket number 24-3890 has been assigned to this case. [Entered: 06/25/2024 12:16 PM]

On 07/05/2024 MOTION to Dismiss (DE 1) is filed by Appellee United States of America. [Entered: 07/05/2024 01:37 PM] (See: MOTION as Exhibit "D")

On 07/20/2024 RESPONSE to Motion to Dismiss (DE 4) filed by Appellant Noa Kanealii. [Entered: 07/20/2024 12:37 AM] (See: RESPONSE as Exhibit "R")

On 08/29/2024 ORDER FILED. (Mary M. SCHROEDER, Milan D. SMITH, Jr., Andrew D. HURWITZ) Appellees' motion (Docket Entry No. 4) to dismiss this appeal for lack of jurisdiction is granted. See 28 U.S.C. § 1291; WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (dismissal of complaint with leave to amend is not appealable); see also Green v. Occidental Petroleum

Corp., 541 F.2d 1335, 1338 (9th Cir. 1976) (district court must be "of the opinion" that the criteria of section 1292(b) are met; court of appeals is without authority to assume an appeal under section 1292(b) unilaterally). DISMISSED. [Entered: 08/29/2024 06:02 PM]  The Appellee United States of America that file "Docket Entry No. 4" is the only Appellee to make an appearance in Appeal No. 24-3890.

## VI.   **SUMMARY OF ARGUMENT**

Do the people? hired, employed and contracted, to operate any of the government branches of the United States of America as in this case, its Executive, Legislative and Judiciary, have an authority extraterritorial to reach beyond its own borders to terminate and or create U.S. citizens from the subject(s)  (Kanealii)  of a foreign country  (Ko Hawaii Pae Aina)  as in this case, while the foreign (kanaka-maoli) subject is in their foreign (own) country, and without consent of any kind by the foreign subject or by any legal process or laws of their foreign government?

Does the U.S. Legislative (congress) branch, have a power to create a house joint resolution (Newlands, Organic, Admissions) or acts, as in this case, to terminate and or create my national (Hawaiian) and racial (kanaka-maoli) identity, to affect and effect any (Christian liberty and freedom, private and personal property) rights while I am wholly within the Ko Hawaii Pae Aina?

9

The lower court's conclusions that its 28 USC §1350 jurisdiction is not available to me because judge Derrick K. Watson decided that the <u>admissions act</u> made me an American and because he said I admitted, <u>which I did not</u>, to being an American in my complaint, is clearly erroneous, as matters of fact and as matters of law; and which, in light of the Proxmire act, is genocide and because the Admissions Act does not and indeed cannot make me into an American, and given the chance the lower court is <u>required</u> to give me [the law is required to give redress and the lower court is established to accomplish this requirement] a full and fair opportunity for such redress as the law so requires to give, I will prove that I am <u>not</u> an American or in any territory of the United States of America or State of Hawaii.

VII.  **<u>STANDARD OF REVIEW</u>**

Sua sponte dismissal of pro se plaintiff's complaint is reviewed de novo for abuse of discretion. Moawad v. Childs, 673 F.2d 850, 851-52 (5**th** Cir. 1992)

VIII.  **<u>ARGUMENT</u>**

I report and make my complaint unrepresented. Likewise, I make this appeal. I am both in <u>need</u> and <u>want</u> representation. Nonetheless I persevere as an kanaka-maoli.

The table of authorities is the list of some of the authorities I rely on for proof that I am an kanaka Moali of the Hawaiian Islands and thus, alien to the United States such that I my bring a complaint, and pursuant to the lower court's 28 USC §1350

10

original subject matter jurisdiction, to seek the remedy of my continuing injuries resulting from the continuing crime and campaign of genocide perpetrated and carried-out by the Hawaiian Evangelical Association (HEA) and its successor the Hawai'i Conference of the United Church of Christ which campaign is aided and abetted by the United States of America and State of Hawai'i; and specifically in this case judge Derrick K. Watson acting under the color of his authority as judge of the United States District Court for the District of Hawai'i, of which campaign aids and abets and is the proximate cause of my injuries.

The Convention on the Prevention and Punishment of the Crime of Genocide states in relevant part:

"Article I

The Contracting Parties confirm that genocide, whether committed in time of peace or in time of war, is a crime under international law which they undertake to prevent and to punish.

Article II

In the present Convention, genocide means any of the following acts committed with intent to destroy, in whole or in part, a national, ethnical, racial or religious group, as such:

(a) Killing members of the group;

(b) Causing serious bodily or mental harm to members of the group;

(c) Deliberately inflicting on the group conditions of life calculated to bring about its physical destruction in whole or in part;

(d) Imposing measures intended to prevent births within the group;

(e) Forcibly transferring children of the group to another group."

The United States is a contracting party to the convention. (See: Proxmire Act) Therefore if I am as judge Derrick K. Watson says, an American, then I assert that I am as an Hawaiian child <u>forcibly</u> transferred as an Hawaiian child of the group known as Kanaka Maoli, Hawaiian national of the Hawaiian Islands to the group known as American citizen of the United States and therefore judge Derrick K. Watson is at least aiding and abetting the continuing campaign of genocide against the Christian people (of whom I am one) of the Ko Hawai'i Pae Aina (Hawaiian Islands) perpetrated and carried-out by (HEA) Hawaiian Evangelical Association and its successor the Hawai'i Conference of the United Church of Christ whose continuing campaign is aided and abetted by the United States of America and State of Hawai'i; and specifically in this case by judge Derrick K. Watson acting in violation of the Convention under the color of his authority as judge of the United States District Court for the District of Hawai'i, and thus aiding and abetting the continuing campaign of genocide and is the proximate cause of my injuries today.

The Admissions Act does not and indeed cannot make me into an American. The Admissions Act's purpose is to admit the Territory of Hawai'i as a state of the United States, not to make persons in said Territory of Hawai'i on the date of its admission into American citizens or American nationals. In fact, with respect to American nationality the Admissions Act states in relevant part:

"§19. Nothing in this Act shall operate to confer United States nationality, nor to terminate nationality heretofore lawfully acquired, or restore nationality heretofore lost under any law of the United States or under any treaty to which the United States is or was a party."

Obviously, §19 of P.L. 86-3 (Mar. 18, 1959) reprinted in 73 Stat. 4 (providing for the admission of Hawai'i into the United States) above quoted provides no support for the lower court's erroneous (intentional) conclusion. (See ECF No. 136 at n.6.)

Given the chance the lower court is required to give me, [the law is required to give redress and the lower court is established to accomplish this requirement], and a full and fair opportunity for such a redress, as the law is required to give, I will prove that I am not an American and that I did not at any time state, as judge Derrick K. Watson accuses me, that I am an American.

judge Derrick K. Watson offers no proof of his accusation that I said that I am an American. Further, there is no evidence of any kind whatsoever in the record and

files in this case, including where judge Derrick K. Watson says I said what he accuses me of saying, where I say that I am an American. This Court should peruse the record and files in this case and prove me <u>wrong</u>. I am not American!

With respect to American citizenship FIFTY-SIXTH CONGRESS. SESS. I. CH. 339. 1900. An Act to Provide a Government for the Territory of Hawai'i. which purports to annex the Republic of Hawai'i as a territory of the United States, states in relevant part:

CITIZENSHIP. SEC. 4. That all persons who were citizens of the <u>Republic</u> of Hawai'i on August twelfth, eighteen hundred and ninety-eight, are hereby declared to be citizens of the United States and citizens of the Territory of Hawai'i. And all citizens of the United States resident in the Hawaiian Islands who were resident there on or since August twelfth, eighteen hundred and ninety-eight, and all the citizens of the United States who shall hereafter reside in the Territory of Hawai'i for one year shall be citizens of the Territory of Hawai'i.

I am not one of the "... persons who were citizens of the Republic of Hawai'i on August twelfth, eighteen hundred and ninety-eight,.. .thereby making me an American and nothing in the records and files in this case show otherwise.

Further, nothing in the records and files in this case show that any of my ancestors are "... persons who were citizens of the Republic of Hawai'i on August twelfth,

14

eighteen hundred and ninety-eight,..." thereby making my kupuna Americans and me an American such that I am not the alien to the United States that I assert in my 28 USC §1350 complaint when I access the lower court's 28 USC §1350 original subject matter jurisdiction filed 7/3/2023.

## IX.    CONCLUSION

For the foregoing reasons and based on the records and files in this case I humbly ask this Court after its review of the records and files in this case, to  reverse  the lower court's order dismissing my complaint and order the lower court to give me, Noa Kanealii Io Pono I Kelii Ua Mau  an kanaka Maoli, Hawaiian national of the <u>Hawaiian Islands</u>, that which the law requires, full and fair opportunity to redress my injuries pursuant to 28 USC §1350.  I am not American.

This is all I have to say for now.


DATED 30th day of May 2025 A.D.

DONE: Aliomanu, Koolau, Mokupuni Kauai, Ko Hawaii Pae Aina. H. I.


                    I am; kanaka-maoli of the Hawaiian Islands

                    *s/ Noa Kanealii Io Pono I Kelii Ua Mau*